UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Stephen Strickland, # 271958, *a.k.a. James S. Strickland*, | ) C/A No. 4:11-2257-JFA-TER |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Kirkland CI Prison, | ) |
| Respondent | ) |

Petitioner, James Stephen Strickland, *a.k.a James S. Strickland*, ("Petitioner"), a self-represented state prisoner confined in the South Carolina Department of Corrections' Kirkland Correctional Institution in Columbia, South Carolina, has filed this habeas corpus action pursuant to 28 U.S.C. § 2254, again seeking to challenge his January 2001 state court convictions and sentences for armed robbery and assault and battery of a high and aggravated nature (ABHAN). Petitioner was convicted after a jury trial in Anderson County General Sessions Court, and sentenced, on January 9, 2001, to twenty-three (23) years imprisonment for the armed robbery and ten (10) years concurrent for the ABHAN. Petitioner's previous § 2254 petition in this Court, filed on December 26, 2007 in *Strickland v. Warden, Lieber Correctional Institution*, C/A No. 4:07-4103-GRA-TER (D.S.C.), was dismissed with prejudice and respondent's motion for summary judgment was granted, on February 25, 2009. *See* Order Ruling on Report and Recommendation, *Strickland v. Warden, Lieber Correctional Institution*, C/A No. 4:07-4103-GRA-TER (D.S.C. Feb. 25, 2007) ECF No. 97. Petitioner's motions for rehearing and reconsideration were denied and this Court's

1

judgment was affirmed on appeal by the Fourth Circuit Court of Appeals, in *Strickland v. Warden, Lieber Correctional Institution*, No. 09-6902 (4th Cir. Oct. 21, 2009).  *See* C/A No. 07-4103 (D.S.C.) ECF No. 116.  Petitioner's petition for rehearing was also denied by the Fourth Circuit.  See C/A No. 07-4103 (D.S.C.) ECF No. 118.[1]  Petitioner does not allege that he has obtained approval of the Fourth Circuit Court of Appeals to file this second § 2254 petition.  Therefore, under 28 U.S.C. § 2244(b)(3)(A), this Court lacks jurisdiction to consider it.  This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening.  Having reviewed the instant Petition and applicable law, the Court finds that this second § 2254 Petition should be summarily dismissed, without prejudice and without requiring Respondent to file a return, because the Court lacks jurisdiction to entertain it.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  This Court is charged with screening Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the

---

[1] The Court takes judicial notice of Petitioner's prior district and circuit court proceedings.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *see also* Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This Court is required to liberally construe *pro se* petitions. *Erickson v. Pardus*, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *id*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even under this less stringent standard, it plainly appears from the instant Petition that this Court lacks jurisdiction to hear the Petition. Accordingly, the Petition submitted in this case should be summarily dismissed.

## DISCUSSION

Under 28 U.S.C. § 2244(b)(3)(A), "*[b]efore* a second or successive [§ 2254] application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added).

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3)(B) - (E).[2]

Hence, the threshold issue in this case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, which govern an action in which a petitioner, who is in custody pursuant to the judgment of a state court, seeks to present claims in a second or successive habeas corpus application under § 2254.

---

[2] Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

Pursuant to the cited statute and rule, when a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  As the Fourth Circuit explained in *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals." *See also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."); *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); *Thomas v. Bodison*, No. 6:09-2200-HMH-WMC, at *2 (D.S.C. Nov. 9, 2009) ("In the absence of pre-filing authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive application.").  Such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order making the required determination to authorize this Court to consider this successive § 2254 petition has not been issued by the Fourth Circuit.  Consequently, this District Court has no jurisdiction to consider the instant Petition and Petitioner is barred from attacking his state court convictions and sentences in this Court.  Therefore, as Petitioner has not obtained an order of the Fourth Circuit Court of Appeals authorizing this Court to consider this second § 2254 application for a writ of habeas corpus, the Petition should be dismissed.

**RECOMMENDATION**

5

Accordingly, it is recommended that the instant Application for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without issuance and service of process upon Respondent. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 17, 2011  
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).